WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvin Mayhew and Mark Mayhew,<br><br>            Plaintiffs,<br><br>vs.<br><br>State of Arizona, et al,<br><br>            Defendants. | No. CV-14-01515-PHX-SPL<br><br>**ORDER** |

On May 22, 2014, Plaintiffs Alvin Mayhew and Mark Mayhew filed a complaint in the Maricopa County Superior Court, Case No. CV2014-93702, against Defendants State of Arizona, Patricia Wenzel and Spouse, and Casey Melsek and Spouse. (Doc. 1-2.) On July 7, 2014, Defendants removed the case to the United States District Court, District of Arizona, pursuant to 28 U.S.C. §§ 1441 and 1331, commencing the instant action. (Doc. 1.)

On July 9, 2014, Defendants filed a Motion to Dismiss (Doc. 3) and Plaintiffs filed a Motion to Remand (Doc. 4). Defendants have filed a Response to the Motion to Remand (Doc. 5), to which Plaintiffs filed a Reply (Doc. 6). For the reasons that follow, this case will be remanded to state court, and Defendants' motion will be denied as moot.

**I.    Legal Standard**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The federal court's

original jurisdiction can be established where the case involves diversity of citizenship, 28 U.S.C. § 1332, or the case involves a federal question, in that it involves a question "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. A state court action may be removed by a defendant or defendants if it could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing 28 U.S.C. § 1447).

There is a strong presumption against removal, and the removing defendant bears the burden of establishing jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "In determining the presence or absence of federal jurisdiction, [the Court applies] the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer*, 375 F.3d at 838 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11, n. 9 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.").

**II. Analysis**

Here, Plaintiffs' complaint is not one which could have originally been brought in federal court as required for removal under 28 U.S.C. § 1441(a). Despite Defendants' construction that Plaintiffs' claims arise under 42 U.S.C. § 1983, as Plaintiffs explicitly aver, the complaint alleges only state-law claims and they do not allege a federal question for purposes of 28 U.S.C. § 1331(b). Plaintiffs submit:

> Count One of the Complaint is the state tort of intentional infliction of emotional distress. Count two is the state tort claim for malicious prosecution. There is no count three. Count Four is the state tort for negligent hiring, retention or supervision. Count Five is the state tort for intentional interference with parental custody of a child. Count Six is negligence and duplicate Count Six is the state tort of defamation and libel. Count Seven is the state tort of False Light Invasion of Privacy. There is not one count asserting a claim under 42 U.S.C. § 1983 or any other federal jurisdiction claim.

(Doc. 4 at 2.) Consequently, Defendants have failed to meet their burden to establish this Court has jurisdiction over this action.

In response, Defendants complain that because the complaint *implicitly* raises federal claims, "[i]f Plaintiffs did not intend to allege that the States employees violated their rights guaranteed under the Constitution and laws of the United States, or that they are withdrawing such claims," this Court should make such a finding on the record. (Doc. 5 at 2.) The Court disagrees. Plaintiffs have offered an unambiguous recitation of their state-law claims, and have not requested an award of costs or attorneys' fees incurred. *See* 28 U.S.C. § 1447(c); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2006) (attorneys' fees may be awarded if the "removing party lacked an objectively reasonable basis for seeking removal"). Thus, nothing suggests that additional findings are warranted.

The Court lacks subject-matter jurisdiction over this action. *See* 28 U.S.C. §§ 1331, 1441. The Court will therefore order that this case be remanded to the Maricopa County Superior Court. *See* 28 U.S.C. § 1447(c). Accordingly,

**IT IS ORDERED:**

1. That Plaintiffs' Motion to Remand (Doc. 4) is **granted**;

2. That Defendants' Motion to Dismiss (Doc. 3) is **denied as moot**; and

…

…

…

…

3

3. That the Clerk of Court shall **remand** this action to the Maricopa County Superior Court.

Dated this 11th day of July, 2014.

                                         Honorable Steven P. Logan
                                         United States District Judge

4